**SCHWARTZ, Plaintiff-Appellee, v FELMAN, Defendant-Appellant.**

Ohio Appeals, Second District Montgomery County.

No. 1942.   Decided November 19, 1947.

Robert C. Alexander, Dayton, for plaintiff-appellee.
Messrs. Horn & Zarka, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is a law appeal from the Municipal Court of Dayton, Ohio. The action is one for damages for a breach of the defendant's duties as a bailee. The defense was a denial of the breach. The record discloses that the defendant-appellant operates an automobile parking lot in the City of Dayton, Ohio, and that the plaintiff-appellee's brother drove his automobile onto the parking lot, paid the stipulated price for the contemplated parking and received a "Claim Check" for the same. After the departure of the driver one of the defendant's agents endeavored to start the car in order to properly park it but was unable to do so. It was then pushed to the rear of the lot, parked adjacent to and parallel with an alley and the door next to the alley was locked. The car was a 1937 Buick, two-door sedan, standard model. This model, however, differed from most of those of the same year in that after the ignition switch on the starting column was switched on, in order to start the car it was necessary to pull on the starter button located on the panel of the car instead of stepping on the accelerator. The defendant's agent was not familiar with this particular model and was not able to get the motor started. The evidence is in dispute as to whether or not the key was left in the car, but it was not locked when it was left with the defendant so that fact is not material. While the car was so parked on the defendant's lot it was stolen, driven into the alley, crashed into a building and severely damaged, the amount thereof not being in dispute. The defendant attempted to rebut the presumption of negligence arising from this of facts by offering evidence to show that the lot was well lighted, as it occurred during the night season, and that he had three attendants on duty to attend to the parking of cars, and who were instructed to watch over them. However, no one saw the thief enter the car or drive it off the lot. The first time they were aware of the theft was when they heard the crash into the building.

The trial court found for the plaintiff, citing the case of **Agriculture Insurance Company v Constantine, 144 Oh St 275.** The assignment of errors may be epitomized as:

1. The judgment is contrary to law.

2. The judgment is against the manifest weight of the evidence.

Counsel for the defendant-appellant are attempting to distinguish this case from that of the **Agriculture Insurance**

Company v Constantine, supra, by contending that because of the peculiar construction of the car and not being able to start it, it was not under their control. This was a factual question and we find substantial evidence in the record which would support the conclusion that the car was under the control of defendant-appellant. It is true that it started differently from most cars of this model, but still it was a standard model, and if the defendant did not possess sufficient skill to start it, the plaintiff-appellee should not be penalized for his lack of knowledge. It was incumbent upon the defendant-appellant to employ capable and qualified attendants to perform these duties. The trial court was correct in holding that the legal principles announced in the **Constantine case, supra,** were applicable to the case at bar.

The appellant contends also that even though we find that the Constantine case is controlling, the trial court erred when he said that he found "there was a presumption of negligence by a preponderance of the evidence." A further reading of the opinion indicates that in arriving at this conclusion he considered all the evidence, for he said:

"Now, in this case, the defendant attempted to show due care by the defendant testifying to certain orders that he had given generally to the attendants, but the court is of the opinion that there was no proof as to this night—that these orders were carried out—excepting from Currans who said he remembered the orders "and that there was three men on the parking lot and he himself was parking cars. There was some evidence as to the lighting of the lot and the question as to whether they assumed and controlled, as bailee, the full control of this car."

The burden of proof remains on the bailor to prove negligence by a preponderance of all the evidence, and we find that this principle was applied by the trial court. There is ample evidence in the record to support his finding. The judgment is not against the manifest weight of the evidence, and it is ordered affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.